UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD DAMION LOWERY,

    Plaintiff,

v.                                                                Case No.:  8:24-cv-536-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Howard Damion Lowery seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision

#### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

#### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as

unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe

impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on August 19, 2021, alleging disability beginning January 4, 2014. (Tr. 123, 235-38). The application was denied initially and on reconsideration. (Tr. 123, 134). Plaintiff requested a hearing and on May 23, 2022, a hearing was held before Administrative Law Judge Gonzalo Vallecillo ("ALJ"). (Tr. 38-62). On June 22, 2022, the ALJ entered a decision finding Plaintiff had not been disabled from January 4, 2014, the alleged onset date through December 31, 2018, the date last insured. (Tr. 15-32). On August 25, 2022, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff appealed the decision to the District Court and the District Court, on an Unopposed Motion for Entry of Judgment Under Sentence Four with Reversal and Remand, reversed the decision of the Commissioner and remanded the action for further proceedings. (Tr. 2152-54). On remand, the Appeal Council vacated the prior final decision and remanded with instructions to the ALJ. (Doc. 2159-62).

The ALJ held another hearing on November 13, 2023. (Tr. 2128-51). On December 19, 2023, the ALJ entered a decision, finding Plaintiff was not under a disability from January 4, 2014, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 2105-15). Plaintiff began this action by Complaint (Doc. 1) filed on February 29, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2018. (Tr. 2107). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of January 4, 2014, through his date last insured of December 31, 2018. (Tr. 2107). At step two, the ALJ found that though the date last insured, Plaintiff had the following severe impairments: "lumbar mild disc degeneration, depressive disorder, bipolar and related disorder, anxiety, and obsessive-compulsive disorders." (Tr. 2107). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 2108).

Before proceeding to step four, the ALJ found that through the date last insured, Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant may never climb ladders/ropes/scaffolds, occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant is able to understand, carry out, and remember simple, routine, and repetitive tasks; involving only simple, work-related decisions with the ability to adapt to routine workplace changes. The claimant could tolerate frequent interaction with supervisors, coworkers, and no interaction with the general public. The

> claimant would be off-task five (5%) percent of the day and miss one workday per quarter.

(Tr. 2109).

At step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform his past relevant work as a mail handler. (Tr. 2113). At step five, the ALJ found that through the date last insured and considering Plaintiff's age (45 years old on the date last insured), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 2113-14). Specifically, the vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

(1) Garment Sorter, DOT[1] 222.687-014, light, unskilled, SVP 2

(2) Folder, DOT 369.687-018, light, unskilled, SVP 2

(3) Hand Packager, DOT 559.687-074, light, unskilled, SVP 2

(Tr. 2114). The ALJ concluded that Plaintiff had not been under a disability from January 4, 2014, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 2115).

## II. Analysis

On appeal, Plaintiff raises these issues:

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(1) Whether the ALJ failed to comply with the Appeals Council's order remanding the case;

(2) Whether the ALJ erred in failing to incorporate a State agency consultant's limitation in the RFC even though he found this opinion persuasive;

(3) Whether the ALJ reopened Plaintiff's prior claims by re-adjudicating the merits of the claims but failing to consider the evidence from the claims;

(4) Whether the ALJ erred in relying on the vocational expert's testimony on job numbers.

(Doc. 14, p. 6. 15, 19, 22).

### A. Appeals Council's Order Remanding Case

On July 20, 2023, the Appeals Council entered an Order Remanding the Case to Administrative Law Judge based on an Order from the District Court remanding the case for further administrative proceedings. (Tr. 2161). In the Appeals Council's Order, it vacated the ALJ's prior final decision and found the prior decision did not:

> contain an adequate evaluation of the claimant's residual functional capacity. The Administrative Law Judge found, in relevant part, that the claimant "will be off task 5% of the workday; and miss 1 workday per quarter" (Finding 5). In doing so, the Administrative Law Judge did not rely on any opinion evidence in the record. While it is not necessary to rely on opinion evidence to formulate the limitations in the residual functional capacity, the decision should contain a narrative discussion with citation to evidence in the record explaining the basis for limitations found (Social Security Ruling 96-8p). The hearing decision does not contain a narrative discussion regarding the off task and the absence limitations in the residual functional capacity. It is unclear if more or less restrictive limitations are appropriate. For example, the Administrative Law Judge rejected the opinion from the

> claimant's treating psychologist, Dr. Perris Monrow, that the claimant had marked to constant limitations in most of the mental functioning areas, where "marked" is defined as inability to perform 66-89% of an 8-hour workday (Exhibit C7F, page 1). Although the Administrative Law Judge discounted this opinion (Decision, page 14), he did not explain how the 5% off-task limitation was reached. Therefore, further evaluation of the claimant's residual functional capacity is warranted.

(Tr. 2161). On remand, the Appeals Council directed the ALJ to give further consideration to Plaintiff maximum RFC capacity and provide "appropriate rationale with specific references to evidence of record in support of the assessed limitations." (Tr. 2162). The Appeals Council also directed the ALJ to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational based. (Tr. 2162).

For cases with a remand order, the reviewing court examines de novo whether the ALJ has complied with such order. *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 (11th Cir. 2019) (citing *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989); *see also Apone v. Comm'r, Soc. Sec. Admin.,* 435 F. App'x 864, 865 (11th Cir. 2011). Courts are precluded from revisiting issues already decided. *Id.* (citations omitted). "The mandate rule is nothing more than a specific application of the law of the case doctrine, one that requires strict compliance with the appellate mandate. *Id*. (internal quotation marks omitted). A lower court is tasked with implementing both the letter and spirit of the mandate, "'taking into account the appellate court's opinion and the circumstances it embraces.'" *Id.* (citations omitted). If the ALJ fails

to follow a specific action mandated by the Appeal Council on remand, this failure constitutes reversible error "because it obviates an ALJ's duty to fully and fairly develop the record." *Ross v. Comm'r of Soc. Sec.*, No. 6:12-cv-959-ORL-22GJ, 2013 WL 5236680, at *3 (M.D. Fla. Sept. 17, 2013). "A court 'may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" *Apone*, 435 F. App'x at 865.

In the RFC assessment, the ALJ included the same limitations as in the prior decision that Plaintiff would be off task 5% of the day and miss one workday per quarter. (Tr. 2109). Plaintiff argues that the ALJ did not sufficiently explain how he arrived at this limitation as required in the Appeals Council order remanding the case. (Doc. 14, p. 7-8). Plaintiff contends that even though the ALJ explained why he included this limitation, he did not explain how he arrived at the quantitative amounts of 5% off task in a workday or missing one day of work per quarter. (Doc. 14, p. 11). The Commissioner argues that at the outset of the decision, the ALJ acknowledged the Appeals Council's order remanding the case. (Doc. 18, p. 6-7). The Commissioner also argues that the ALJ fully explained why he included these limitations in the RFC and in the hypotheticals posed to the vocational expert. (Doc. 18, p. 7-8).

In the decision, the ALJ acknowledged the Appeals Council's order remanding the action. (Tr. 2105). The ALJ stated:

> Pursuant to the District Court remand order, Appeals Council found the hearing decision does not contain an adequate evaluation of the claimant's residual functional capacity. The Administrative Law Judge found, in relevant part, that the claimant "will be off task 5% of the workday; and miss 1 workday per quarter" (Finding 5). In doing so, the undersigned did not rely on any opinion evidence in the record.

(Tr. 2105). As the Commissioner contends, the ALJ explained these limitations:

> Lastly, the claimant would be off-task five (5%) percent of the day and miss one workday per quarter due to the fact the claimant is moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Furthermore, the claimant has been diagnosed as bipolar and the limitations concerning absenteeism and off-task behavior account for symptoms as a result of this severe impairment.

(Tr. 2112),

The Appeals Council specifically required on remand that the ALJ provide a narrative discussion with citation to the evidence explaining the basis for the limitations. (Tr. 2161). The ALJ complied by explaining that Plaintiff was moderately limited in the ability to complete a normal workday and workweek as well as perform at a consistent pace without interruptions from his psychological symptoms (Tr. 2112). The ALJ also explained that Plaintiff's bipolar impairment would cause absenteeism and off-task behavior. (Tr. 2112). But the Appeal Council required more. The Appeal Council required the ALJ to explain how he determined that Plaintiff would be off task 5% of the workday and would miss one day per

quarter. (Tr. 2161). The Appeals Council required the ALJ to clarify why he chose these numbers because the prior decision was "unclear if more or less restrictive limitations are appropriate." (Tr. 2161). While the ALJ associated these limitations with medical evidence of record, the ALJ did not explain how he reached the quantitative amounts of 5% off task or missing one workday per quarter. The Appeals Council's remand order required such an explanation. Thus, the ALJ did not strictly comply with the Appeals Council's order remanding the action and this failure constitutes reversible error. On remand, the ALJ must provide a narrative discussion to explain not only what impairments cause Plaintiff to be off task or absent from work, but also why more or less restrictive limitations are not appropriate. In other words, the ALJ must explain how he arrived at the amounts of 5% off task and 1 missed day of work per quarter.

### B.     Remaining Issues

Plaintiff also challenges whether the ALJ erred in failing to incorporate all the limitations found by a State agency consultant in the RFC assessment, whether the ALJ reopened a prior claim but failed to consider the evidence in that claim, and whether the ALJ improperly relied on the vocational expert's testimony on job numbers. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

### III.  Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to comply with the July 20, 2023 Appeals Council order remanding the case to the administrative law judge, reconsider the medical and other evidence in assessing the RFC, and reconsider any vocational expert testimony. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 4, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties